UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SEON CHOI,                                              :
                                                        :
                    Plaintiff,                          :
                                                        :     No. 16-cv-5392 (WFK)(LB)
      -against-                                        :
                                                        :     Service Date: April 25, 2019
LIBERTY MUTUAL INSURANCE COMPANY,                       :
JESSICA ROGIN, LULU AMENDOLA, and                       :
JAMES HINCHLEY,                                         :
                                                        :
                    Defendants.                         :
                                                        :
-------------------------------------------------------------x

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR SUMMARY JUDGMENT MOTION

Dated:  New York, New York
       April 25, 2019

                        Aaron Warshaw
                      Sharon P. Margello
             OGLETREE, DEAKINS, NASH,
              SMOAK & STEWART, P.C.
       599 Lexington Avenue, 17th Floor
           New York, New York 10022
                (212) 492-2500

             *Attorneys for Defendants*

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................................ 1

II.  ARGUMENT .............................................................................................................. 2

  A.  PLAINTIFF FAILS TO CITE TO THE RECORD, AND THUS,
  THE COURT SHOULD IGNORE ALL UNSUPPORTED
  ALLEGATIONS.................................................................................................. 2

  B.  PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE*
  AGE DISCRIMINATION CLAIM AND, EVEN IF SHE DID,
  SHE HAS NOT DEMONSTRATED THAT LM'S LEGITIMATE,
  NON-DISCRIMINATORY REASONS WERE PRETEXT
  FOR DISCRIMINATION ................................................................................... 2

  C.  PLAINTIFF WAS NOT A *QUALIFIED* INDIVIDUAL
  WITH A DISABILITY ........................................................................................ 3

  D.  PLAINTIFF'S FAILURE TO OBTAIN HER PREFERRED
  ACCOMMODATION IS INACTIONABLE ....................................................... 5

   1.  Plaintiff Was Unreasonable When She Insisted on Her Preferred
   Option of Working Part-Time With Less Responsibilities and
   When She Rejected the Unconditional Offers of Equivalent
   Positions With LM ...................................................................................... 5

   2.  Even If a "Delay" Occurred, Such Delay Is Not a Viable
   Claim Under the ADA or NYCHRL ........................................................... 6

  E.  PLAINTIFF'S CONSTRUCTIVELY DISCHARGE CLAIM WAS
  NEITHER PLED NOR WAS IT ADMINISTRATIVELY
  EXHAUSTED ...................................................................................................... 8

  F.  PLAINTIFF'S RETALIATION CLAIMS SHOULD
  BE DISMISSED ................................................................................................... 9

  G.  PLAINTIFF'S AIDING AND ABETTING CLAIM SHOULD
  BE DISMISSED ................................................................................................. 10

III.  CONCLUSION......................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Nat'l Grid, PLC*,
    93 F. Supp. 3d 120 (E.D.N.Y. 2015) ...................................................................................3

*Ansam Assoc. v. Cola Petroleum, Ltd.*,
    760 F.2d 442 (2d Cir. 1985)...................................................................................................8

*Burlington N. & Santa Fe Railway Co. v. White*,
    548 U.S. 53 (2006).................................................................................................................9

*Chandler v. AMR Am. Eagle Airline*,
    251 F. Supp. 2d 1173 (E.D.N.Y. 2003) .................................................................................8

*Glover v. N.Y. City Trans. Auth.*,
    2006 WL 3056340 (E.D.N.Y. Sept. 7, 2006), *report & recommendation
    adopted*, 2006 WL 3083495 (E.D.N.Y. Oct. 20, 2006) ....................................................6, 7

*Greenberg v. N.Y. City Tran. Auth.*,
    336 F. Supp. 2d 225 (E.D.N.Y. 2004) ...................................................................................7

*Holtz v. Rockefeller & Co.*,
    258 F.3d 62 (2d Cir. 2001).....................................................................................................2

*Industrial Quick Search, Inc. v. Miller, Rosado & Algois, LLP*,
    2018 WL 264111 (S.D.N.Y. Jan. 2, 2018) ............................................................................2

*Krumme v. Westpoint Stevens, Inc.*,
    143 F.3d 71 (2d Cir. 1998).....................................................................................................8

*Leon v. Dep't of Educ.*,
    2017 WL 6729676 (E.D.N.Y. Sept. 29, 2017) (Kuntz, J.), *aff'd*, 740 F. App'x
    759 (2d Cir. 2018).................................................................................................................6

*Lewis v. Boehringer Ingelheim Pharm., Inc.*,
    79 F. Supp. 3d 394 (D. Conn. 2015)......................................................................................6

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
    542 F.3d 290 (2d Cir. 2008)...................................................................................................2

*McBride v. BIC Consumer Prods. Mfg. Co.*,
    583 F.3d 92 (2d Cir. 2009).....................................................................................................7

*Morse v. JetBlue Airways Corp.*,
    941 F. Supp. 2d 274 (E.D.N.Y. 2013) ...................................................................................6

*Petrosino v. Bell Atl.*,
    385 F.3d 210 (2d Cir. 2004)......................................................................................................2

*Rodal v. Anesthesia Group of Onondaga, P.C.*,
    369 F.3d 113 (2d Cir. 2004)......................................................................................................6

*Smith v. North Shore–Long Island Jewish Health Sys.*,
    286 F. Supp. 3d 501 (E.D.N.Y. 2018) ......................................................................................4

*Spence v. Maryland Cas. Co.*,
    995 F.2d 1147 (2d Cir. 1993)....................................................................................................8

*Wenc v. New London Bd. of Educ.*,
    702 F. App'x 27 (2d Cir. 2017) .................................................................................................7

*Witkowich v. Gonzales*,
    541 F. Supp. 2d 572 (S.D.N.Y. 2008).......................................................................................3

**Statutes and Other Authorities**

29 C.F.R. § 1630.2(n)(2)(i-iii) .........................................................................................................4

29 C.F.R. § 1630.2(n)(3)(i) .............................................................................................................4

42 U.S.C. § 12111(8) ......................................................................................................................4

## I.  PRELIMINARY STATEMENT

Defendants respectfully submit this reply in support of their summary judgment motion.[1] Plaintiff's Opposition is procedurally deficient because it does not contain a single citation to her Local Rule 56.1 Statement or to the record. Moreover, Plaintiff merely raises boilerplate objections and disagrees with the evidence, which is insufficient to raise any disputed issue of material fact.

Plaintiff's age discrimination claims fail because she did not apply for the Special Projects role filled by So. She also cannot refute that Rogin legitimately deemed Freedman to be the best-qualified person for the E&O position based upon superior qualifications and performance scores. Further, Plaintiff has presented no evidence regarding Hinchley or Rogin's knowledge – let alone use – of Plaintiff's age in choosing other candidates for the Special Projects and E&O positions.

Plaintiff's disability discrimination claims fail because the record shows that, for nearly two years, Plaintiff's doctors certified that she was unable to perform her *full-time, management* position. Even if Plaintiff were qualified, which she was not, Defendants fulfilled their legal obligations and Plaintiff did not. Plaintiff long refused to provide requested authorizations to obtain further medical information. Plaintiff also rejected LM's offers for other positions during its purported delay in returning her to work. As soon as Plaintiff was able to perform her job duties on a reduced four-day per week basis, LM returned her to work with a higher salary.

Faced with these facts, Plaintiff attempts to avoid dismissal of her case by raising a new claim for constructive discharge that should be rejected because it was never pled, and she never exhausted it before the EEOC. Plaintiff's retaliation claims also fail because she cannot show that she suffered from an adverse employment action, let alone can she prove a causal connection to her protected activity. The Court should therefore dismiss Plaintiff's case with prejudice.

---

[1] The capitalized terms used in this reply are defined in "Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment" ("Defs. Mem."). "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment" is cited herein as "Opp."; Plaintiff's Local Rule 56.1 Statement as "Pl. 56.1"; Defendants' Local Rule 56.1 Statement as "Defs. 56.1"; and Reply Local Rule 56.1 as "Defs. Reply 56.1."

## II.  ARGUMENT

A.  **PLAINTIFF FAILS TO CITE TO THE RECORD, AND THUS, THE COURT SHOULD IGNORE ALL UNSUPPORTED ALLEGATIONS**

Plaintiff's Opposition is procedurally deficient. It does not contain a factual background section, let alone a <u>single citation</u> to her Local Rule 56.1 Statement or to the record. Rather, Plaintiff merely "relies on and incorporates by reference" her Local Rule 56.1 Statement. (Opp. at 2.) Yet, Plaintiff's Local Rule 56.1 Statement contains boilerplate and false objections contrary to the record. In doing so, Plaintiff places an undue burden on this Court to scour the record on her behalf. *Industrial Quick Search, Inc. v. Miller, Rosado & Algois, LLP*, 2018 WL 264111, at *1 n.4 (S.D.N.Y. Jan. 2, 2018) ("[T]he net result of Plaintiffs' . . . deficiencies has been to impose on the Court . . . the burden of parsing the entirety of the voluminous record in the instant case.") (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)). As explained in detail in Defendants' enclosed Reply Local Rule 56.1 Statement, Plaintiff's conclusory and unsupported assertions do not create disputed issues of material fact. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). For these reasons alone, the Court should grant Defendants' motion because mere disagreement does not create a dispute of a material fact.

B.  **PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* AGE DISCRIMINATION CLAIM AND, EVEN IF SHE DID, SHE HAS NOT DEMONSTRATED THAT LM'S LEGITIMATE, NON-DISCRIMINATORY REASONS WERE PRETEXT FOR DISCRIMINATION**

Plaintiff admits that she did not apply for the Special Projects role filled by So, (Pl. & Defs. 56.1, ¶¶ 13, 32), which is dispositive. *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) (failure to promote claim is barred where employee did not apply for position). Even then, the record shows that the Special Projects role was, at best, a lateral move. (Pl. & Defs. 56.1, ¶¶ 13-14.) Plaintiff also fails to refute that the decision-maker Hinchley was unaware of So's age, and that Plaintiff's prior claims experience was not a qualification. (*Id.*, ¶¶ 15-17.)

2

As for the E&O position, Plaintiff asserts conclusory and misstated allegations. (Opp. at 12-13.) In fact, the purported "age chart" that Plaintiff relies upon is one slide in a presentation that described the overall claims experience and *never* identified anyone's age, let alone Plaintiff's age. (Pl. & Defs. 56.1, ¶¶ 24-26.) Plaintiff did not even attend the presentation where the slide was shown. (*Id.*, ¶¶ 27-28.) Plaintiff also has not refuted that Rogin's reasons for selecting Freedman were legitimate and thus cannot establish pretext.[2] (*Id.*, ¶ 21); *see also Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 582 (S.D.N.Y. 2008) (courts should not "play the role of 'super personnel department'"). Plaintiff notably does not refute that Freedman's performance reviews rated her higher, thus showing that Freedman was observably better qualified for the position. (Pl. & Defs. 56.1, ¶ 21.) Moreover, Rogin is older than Plaintiff, and Plaintiff estimated that she is merely five years older than Freedman. (*Id.*, ¶¶ 20, 32; Defs. Mem. at 12-13.)

### C.   PLAINTIFF WAS NOT A *QUALIFIED* INDIVIDUAL WITH A DISABILITY

Plaintiff was not a *qualified* individual with a disability because she was unable to perform the essential functions of her full-time position managing complex claims and seven full-time employees.[3] (Defs. Mem. at 15-17; Pl. & Defs. 56.1, ¶¶ 1-8.) Plaintiff responds, without citing the record, that: "her doctors certified that she was capable of performing all of her essential functions [with] a reasonable accommodation," (Opp. at 7); "not once did her doctors indicate that Plaintiff was not capable of doing her job," (*id.*); and "Plaintiff submitted documentation from doctors advising that she was capable of performing all the essential functions of her job," (*id*. at 15.) These *post-hoc* wishes have no basis in fact. (Pl. & Defs. 56.1, ¶¶ 54-58, 63-64.)

---

[2]   Plaintiff scurrilously asserts that Rogin submitted a "sham affidavit" regarding her decision to promote Freedman to the E&O position. (Opp. at 13.) In fact, Rogin's deposition testimony and Declaration are consistent and do not create any disputed issue of fact. (Defs. Reply 56.1, ¶ 21.)

[3]   Despite omitting a factual background section, Plaintiff spends an inordinate amount of space in her Opposition arguing that she was regarded as disabled. (Opp. at 3-6.) However, Plaintiff's Amended Complaint does not allege that LM regarded her as disabled, (Am. Compl., ¶¶ 94-96), and she should be barred from alleging so now. Further, Plaintiff is foreclosed as a matter of law from basing her failure-to-accommodate claim upon being "regarded as" disabled. *Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 132 n.8 (E.D.N.Y. 2015).

In truth, Plaintiff's doctors confirmed that she was unable to perform her full-time managerial duties. (Defs. Mem. at 16-17.) Specifically, Plaintiff's doctors certified that:

- she would require "*fewer responsibilities*," "*reduced workflow*," and "*greater time to complete tasks*" upon return to work;
- she was "*unable*" to "*tolerate highly stimulating environments*," and her condition would persist for six to 12 months;
- she "*needed to continue to receive three times weekly cognitive remediation*," and that "*it is not advisable for her to work full-time*"; and
- she could only return to work on a reduced schedule of three days per week, and assume "*lower level [of] responsibility than previously*."

(*Id.*; Pl. & Defs. 56.1, ¶¶ 54-58, 63-64) (emphasis added). Plaintiff admits that her duties involved supervising seven direct reports who each managed approximately 300 claims, and she managed the highest volume of claims of any LM department head. (Pl. & Defs. 56.1, ¶¶ 1, 3, 8.)

Further, Plaintiff has failed to refute that Williams, not Rogin, was the decision-maker whether to grant Plaintiff an accommodation. (*Id.*, ¶¶ 40-42.) Although Plaintiff incorrectly argues in her Local Rule 56.1 Statement that others were also involved in this decision,[4] she has not refuted (and cannot refute) that Williams determined that full-time management was an essential function of Plaintiff's position. (*Id.*, ¶ 49.) The ADA mandates deference to LM to determine the essential functions of Plaintiff's position. 42 U.S.C. § 12111(8) ("[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential."); 29 C.F.R. § 1630.2(n)(3)(i) (same). LM properly exercised its judgment in determining that Plaintiff's *full-time, managerial duties* were essential functions of her job. 29 C.F.R. § 1630.2(n)(2)(i-iii) (job functions are essential if "the position exists . . . to perform that function").[5] Under this deferential

---

[4] Plaintiff's unsupported assertion should be rejected. (Defs. Reply 56.1, ¶¶ 41-42.) Moreover, Plaintiff cannot keep straight who is the supposed bad actor in this case – Plaintiff asserts that Rogin tried to replace her, but also asserts that Williams and Starr were the decision-makers regarding Plaintiff's reinstatement. (*Id.*) In fact, Williams was alerted to Plaintiff's accommodation request by HR, and he was the sole decision-maker throughout the nearly two years of her leave. (*Id.*, ¶¶ 41, 48.)

[5] The case law cited by Plaintiff is readily distinguishable. (Opp. at 8) (citing *Smith v. North Shore–Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 524-25 (E.D.N.Y. 2018) (plaintiff suffering from depression could perform essential functions of job with accommodation of intermittent leave). Here, LM *did* accommodate Plaintiff – who was

4

standard, full-time management was an essential function of Plaintiff's job, and not a function that she could perform if she obtained her preferred option of working part-time with less job responsibilities. *Infra*, D.1. For this reason alone, Plaintiff has failed to present a *prima facie* disability discrimination case because she was not qualified for her position.

**D.   PLAINTIFF'S FAILURE TO OBTAIN HER PREFERRED ACCOMMODATION IS INACTIONABLE**

   **1.   Plaintiff Was Unreasonable When She Insisted on Her Preferred Option of Working Part-Time With Less Responsibilities and When She Rejected the Unconditional Offers of Equivalent Positions With LM**

Plaintiff asserts (again without any evidentiary support) that she "requested a modified or part-time schedule as an accommodation." (Opp. at 15.) This is false, because Plaintiff requested to work part-time *with less job responsibilities*. (Pl. & Defs. 56.1, ¶¶ 45-46). To be clear, Plaintiff's March 2016 doctor's note stated that Plaintiff could only work "*two days per week*" with "*lower level of responsibility*." (*Id.* ¶¶ 44-45.) Plaintiff admits that her supervisor would have had to pick up her "slack" if granted her preferred accommodation request. (Opp. at 15-16.) Further, Plaintiff's supervisor REDACTED acknowledged that, to assign Plaintiff less responsibility, LM would have been required to assign Plaintiff's job duties to another employee. (Pl. & Defs. 56.1, ¶ 46.) It is unreasonable and an undue burden for LM to create a new role for Plaintiff, who was not qualified. (Defs. Mem. at 19-20.) Moreover, LM provided Plaintiff with a nearly two-year leave of absence – while she also collected long-term disability benefits due to being "*totally disabled*." (Defs. Mem. at 20; Pl. & Defs. 56.1, ¶ 38.) Plaintiff also ignores that LM (including through counsel) unconditionally offered to place Plaintiff in comparable positions in or around Los Angeles and New York – two cities Plaintiff identified as her preferences – without having to apply, interview, or compete. (Pl. & Defs. 56.1, ¶ 70.) Plaintiff summarily rejected all such offers. (*Id.*, ¶ 71.) In the

---

unable to perform her full-time, management position – including by an extended leave of absence and offering her other positions even though she was not qualified and had ceased interacting with LM. *Infra*, D.1.

5

end, the inquiry ends because a reasonable accommodation was provided, and LM was not required to provide Plaintiff with her preferred option. (Defs. Mem. at 19-20) (citing *Leon v. Dep't of Educ.*, 2017 WL 6729676, at *6 (E.D.N.Y. Sept. 29, 2017) (Kuntz, J.), *aff'd*, 740 F. App'x 759 (2d Cir. 2018).

Plaintiff's arguments to the contrary are unavailing. For instance, Plaintiff erroneously argues that LM should have granted Plaintiff's preferred option if it was reasonable and did not present an "undue burden." (Opp. at 16.) Yet, the cases cited by Plaintiff for this proposition support Defendants' arguments. *Cf. Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 120 (2d Cir. 2004) ("[A] scheduling accommodation is not reasonable if it, in essence, requires an employer to eliminate an essential function of a job."); *Morse v. JetBlue Airways Corp.*, 941 F. Supp. 2d 274, 300-302 (E.D.N.Y. 2013) (plaintiff unable to perform essential function of job and requested transfer to alternate position). Finally, Plaintiff's claim that LM "never characterized Plaintiff's time on disability leave as an accommodation," (Opp. at 16), is belied by the copious communications between Williams and Plaintiff.[6] (Pl. & Defs. 56.1, ¶¶ 48-81.)

### 2. Even If a "Delay" Occurred, Such Delay Is Not a Viable Claim Under the ADA or NYCHRL

Plaintiff attempts to create a new cause of action that LM's alleged "delay" in reinstating her was an adverse employment action. (Opp. at 8-10.) Elsewhere, Plaintiff argues that this "delay" shows that LM failed to engage in the interactive process. (*Id.* at 16.) Both theories fail.

In fact, LM permitted Plaintiff to return to work in July 2017 as soon as her doctors certified that she was able to perform the essential functions of her job, albeit on a four-day work schedule.[7]

---

[6] Such a claim – even if it were true – is not actionable because Plaintiff's purported lack of notice about LM's denial of her preferred option, without more, does not establish a *prima facie* disability discrimination case.

[7] Belying Plaintiff's claim that LM wrongfully "delay[ed]" her return to work, Plaintiff was permitted to return on the very day that she proposed herself, July 31, 2017. (Pl. & Defs. 56.1, ¶ 82.) The cases cited by Plaintiff are therefore inapposite. *Lewis v. Boehringer Ingelheim Pharm., Inc.*, 79 F. Supp. 3d 394, 406 (D. Conn. 2015) (plaintiff medically cleared to work in June 2008, December 2008, and July 2009, but not returned to work until December 2009); *Glover v. N.Y. City Trans. Auth.*, 2006 WL 3056340, at *8 (E.D.N.Y. Sept. 7, 2006), *report & recommendation*

6

(Pl. & Defs. 56.1, ¶ 82.) Prior to that date, Plaintiff's doctors consistently deemed her to be unqualified for her position. *Supra* II.C. Moreover, Defendants engaged in the interactive process, but Plaintiff did not. (Defs. Mem. at 17-21.) Plaintiff also ignores the voluminous record of communications between LM and Plaintiff. (Pl. & Defs. 56.1, ¶¶ 48-81.) As noted above, Plaintiff merely cites a purported "delay" in reinstating her, but this timing was solely due to Plaintiff's own doctors certifying her as unable to perform essential functions of the job. Plaintiff also attempts to refute the job offers by claiming the offers were "ridiculous." (Opp. at 18.) By contrast, Plaintiff does not deny (and she cannot deny) that she failed to submit authorizations to allow LM to gather more information about her accommodation request, and instead contends that the request was somehow unfair. As such, LM *did* accommodate Plaintiff by permitting her to remain on leave and by offering her different jobs, despite the fact that Plaintiff was not qualified and failed to participate in the interactive process. (Defs. 56.1, ¶¶ 39, 52, 70.)

Faced with these undisputed facts, Plaintiff now argues that LM's alleged failure to engage in the interactive process was an adverse employment action. However, it is well-established that LM's purported "failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA . . . unless [Plaintiff] also establishes that, at least with the aid of some identified accommodation, she was qualified for the position at issue." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 101 (2d Cir. 2009); *see also Wenc v. New London Bd. of Educ.*, 702 F. App'x 27, 30 (2d Cir. 2017) (summary order) (same) (citing *McBride*, 583 F.3d at 101). As such, Plaintiff was unable to perform her essential job duties until her doctors cleared her to resume her full responsibilities on more than a part-time basis. There is no disputed issue of fact that LM impermissibly "delay[ed]" Plaintiff's return to work, nor is this theory even actionable.

---

*adopted*, 2006 WL 3083495 (E.D.N.Y. Oct. 20, 2006) (plaintiff medically cleared to perform alternate position in December 2000, but not returned to work until April 2001); *Greenberg v. N.Y. City Tran. Auth.*, 336 F. Supp. 2d 225, 247 (E.D.N.Y. 2004) (plaintiff was medically cleared to work in August 1994, but not reinstated until June 1997).

7

### E. PLAINTIFF'S CONSTRUCTIVELY DISCHARGE CLAIM WAS NEITHER PLED NOR WAS IT ADMINISTRATIVELY EXHAUSTED

Plaintiff now attempts to plead a new constructive discharge claim. Yet, Plaintiff failed to exhaust such a claim with the EEOC and, even if she had, she did not obtain leave to amend her Complaint. Plaintiff's failure to exhaust her constructive discharge at EEOC forecloses doing so as part of this litigation because it is unrelated to her exhausted claims. *Chandler v. AMR Am. Eagle Airline*, 251 F. Supp. 2d 1173, 1179 (E.D.N.Y. 2003) ("plaintiff remained an . . . employee on unpaid medical leave" and "EEOC complaint clearly contains no reference to either plaintiff's resignation or termination, [therefore] plaintiff's constructive discharge claim cannot be said to be 'reasonably related' to any conduct charged in his EEOC complaint").

Even if Plaintiff had exhausted her purported constructive discharge claim before EEOC (which she did not do), she has not obtained leave to amend her Complaint, and the Court should not *sua sponte* grant her leave at this very late stage of proceedings. *Krumme v. Westpoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (proposed amended complaint is "especially prejudicial . . . [when] discovery ha[s] already been completed and [the non-movant] ha[s] already filed a motion for summary judgment"; "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.") (quoting *Ansam Assoc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). As such, the Court should not entertain Plaintiff's 11th hour attempt to raise an unexhausted and unpled claim for constructive discharge.[8]

---

[8] Moreover, such an amendment would be futile because, even accepting Plaintiff's assertions as true, they do not rise to proof of constructive discharge. *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993) ("[A] constructive discharge cannot be proven merely by evidence that an employee . . . preferred not to continue working for that employer. Nor is the test merely whether the employee's working conditions were difficult or unpleasant."). In fact, Plaintiff returned to work with a modified schedule and with a raise. (Defs. 56.1 ¶¶ 83-84.)

8

## F.     PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED

Plaintiff's retaliation claims also should be dismissed because she did not suffer an adverse action and she cannot prove a causal connection between her protected activity and any such adverse action. (Defs. Mem. at 21-24.) Plaintiff asserts that she engaged in a protected activity when she requested an accommodation in March 2016. (Opp. at 20.) She then argues – without citing to the evidentiary record – that she "suffered multiple adverse actions," some of which in fact occurred *before* her medical leave. (*Id.* at 21.) Yet, Plaintiff concedes that she cannot meet this essential element of her retaliation claims because she resorts to arguing that she "collectively" suffered a "pattern of retaliatory conduct." (*Id.*) In fact, Plaintiff complains about "petty slights or minor annoyances that often take place at work and that all employees experience," and which are not actionable to prove retaliation. *Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006); (*see also* Def.'s Mem. at 22-23).

Plaintiff has also fails to allege any facts that would allow a reasonable trier of fact to draw a causal connection between her vaguely-stated protected activities and any adverse employment action that she actually suffered. Plaintiff merely refers (without any citation) to internal LM communications in March 2016 expressing an "urgent need" to fill Plaintiff's position. (Opp. at 23.) In fact, such discussion was merely about the lack of headcount in Plaintiff's department, not about the need to terminate Plaintiff's employment. (Defs. Reply 56.1, ¶ 42.) Plaintiff also surmises that "Defendants *would have* affirmatively terminated her employment." (*Id.* at 23) (emphasis added). The Court need not entertain such an inadmissible conjecture because it lacks any evidentiary support. In fact, Plaintiff has not refuted (and she cannot refute) that her position was never backfilled, and she returned to her prior position – at an increased salary – as soon as she was able to perform the essential functions of her position. (Defs. Reply 56.1, ¶ 42, 84.)

9

Plaintiff's attempt to bolster her "age retaliation" claim is similarly without merit. (Opp. at 24-25.) For instance, Plaintiff has not proved (nor can she prove) that Hinchley or Rogin were even aware of her purported complaint[9] about having to compile information relating to the June 2015 presentation. Moreover, the presentation referred to employees' experience not age, Rogin is older than Plaintiff, Hinchley and Rogin filled the positions at issue with people whose qualifications were superior to Plaintiff, and Plaintiff never applied to the Special Projects role.

### G. PLAINTIFF'S AIDING AND ABETTING CLAIM SHOULD BE DISMISSED

Plaintiff fails to substantively address her aiding and abetting claim against Rogin, Amendola, and Hinchley. (Opp. at 25.) This claim should also be dismissed because Plaintiff's underlying claims fail, and because there is no evidence that any individual engaged in or condoned any conduct reflecting discriminatory animus. (Defs. Mem. at 24-25.)

### III. CONCLUSION

Defendants respectfully request that the Court grant summary judgment in favor of Defendants and dismiss all of Plaintiff's claims with prejudice, and award such other relief as the Court deems just and proper.

Dated: New York, New York
       April 25, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By /s Aaron Warshaw
   Aaron Warshaw
   Sharon P. Margello
599 Lexington Avenue, 17th Floor
New York, New York 10019
(212) 492-2500
aaron.warshaw@ogletreedeakins.com
sharon.margello@ogletreedeakins.com

*Attorneys for Defendants*

---

[9] Notably, Plaintiff's former manager REDACTED did not perceive the presentation as discriminatory toward older workers. (Defs. Reply 56.1, ¶ 28.)

10

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 25, 2019, true and correct copies of the foregoing Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment; Defendants' Response to Plaintiff's Counterstatement of Undisputed Material Facts Pursuant to Local Rule 56.1; and the Reply Declaration of Aaron Warshaw, Esq., together with Exhibits A through D, were served by e-mail on the following counsel of record for Plaintiff:

>Michael R. DiChiara
>Krakower DiChiara LLC
>One Depot Square, Suite 2
>Park Ridge, NJ 07656
>md@kdlawllc.com

>  s/ Aaron Warshaw
>Aaron Warshaw